# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN LEVERS, | * | |
| Petitioner | * | |
| v | * | Civil Action No. RWT-10-26 |
| DAVID BLUMBERG and PAROLE COMMISSIONER, | * | |
| | * | |
| Respondents. | | |

\*\*\*

## MEMORANDUM OPINION

Pending before the Court is John Lever's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, Paper No. 6, as well as "Petitioner's Motion for Denial for Extension of Time,"[1] Paper No. 5. Upon review of the papers filed, the Court finds no need for an evidentiary hearing. See Local Rule 105.6.

## Background

On March 18, 2004, Petitioner was sentenced to two concurrent three-year sentences in the Circuit Court for Baltimore City, to begin on February 5, 2004, for second-degree assault and a deadly weapon charge. Paper No. 6 at Ex. A, Attachment 1.1. On August 26, 2005, Petitioner was released from the Division of Correction on mandatory parole supervision by subtracting 528 diminution credits (352 good conduct credits, 84 industrial or education credits, and 92 special project credits) from February 5, 2007, the maximum expiration date of his term of confinement. Id. at Attachment 3. Petitioner was required to sign a mandatory supervision release certificate, acknowledging that he would be supervised as if on parole until the expiration of his term. Id. He further acknowledged that "I fully understand that my violation of

---

[1] Petitioner's motion is in fact an opposition to Defendants' Motion for Extension of Time, Paper No. 3. Petitioner's opposition is moot because it was filed after the Court had granted Defendants' motion. Paper No. 4.

any of these terms and conditions may result in the revocation of my mandatory supervision release by the Maryland Parole Commission and the taking of all of the diminution of confinement credits I had earned as of the date of my release under mandatory supervision." Id.

On January 24, 2006, the Parole Commission issued a retake warrant charging Petitioner with violating the terms of his mandatory supervision release. Id. at Attachments 4 and 5. Petitioner was returned to Division of Correction custody on July 15, 2009. Id. at Attachment 7. On July 27, 2009, Petitioner waived his preliminary hearing and admitted that he had violated the terms and conditions of his release, but indicated that he wanted to be heard. Id. He stated that he had not been coerced into admitting to the violations, that no promises had been made to him as to what the Commissioner's decision would be, and that he understood his supervising agent did not need to be present at the hearing. Id. In addition, he asserted that he did not wish to be represented by counsel. Id.

A revocation hearing was held on August 7, 2009. Id. Attachment 9. Based on Petitioner's admission of guilt the Commissioner concluded that he had violated the terms of his release and revoked his release. Petitioner was awarded credit from August 26, 2005 to November 2, 2005 and his diminution credits were revoked. Id. On October 6, 2009, Petitioner requested that the Parole Commission restore some or all of his double-celling, work, and educational credits. Id. at Attachment 10. On October 20, 2009, Petitioner's request was denied. Id. at Attachment 11.

Petitioner alleges that the revocation of his credits was unlawful because the evidence was "incomplete and unfounded." Paper No. 1 at p. 3. Petitioner seeks reinstatement of all double-cell credits, work credits, and school credits. Id. Because Petitioner seeks review of the Parole Commission's decision revoking his mandatory release, the Court construes his *pro se*

Complaint as a Petition for Writ of Habeas Corpus.[2] Respondents argue that the Petition should be dismissed because the claim has not been exhausted in the state courts. Paper No. 6.

**Standard of Review**

Mandatory release under Maryland law occurs when a sentence is reduced by diminution of confinement credits earned by a prisoner. See Md. Code Ann., Corr. Serv. § 7-101(g). The "credits" (days) earned are subtracted from the maximum expiration date of a term of confinement; the prisoner is released early and must remain on parole supervision until the maximum expiration date of the sentence. Mandatory release differs from parole as there is no eligibility hearing required before mandatory release occurs.

Rescission of applied diminution of confinement credits as a part of revocation of mandatory release does not evoke federal constitutional analysis and involves questions of state law only. See McCray v. Rosenblatt, No. 94-6097, 1994 WL 320212, at *1 (4th Cir. July 6, 1994) (per curiam) (unpublished); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Pringle v. Beto, 424 F.2d 515, 516 (5th Cir. 1970). As such, the matter must be exhausted in the state courts before federal habeas relief is available. See 28 U.S.C. § 2254(b) (exhaustion required for state law questions). Petitioner must exhaust each claim presented to the federal court by pursuing remedies available in state court. See Rose v. Lundy, 455 U. S. 509, 521 (1982). The operative facts and controlling legal principles supporting each claim must be fairly presented to the state court. See Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000).

There is no evidence that Petitioner has exhausted his claim. His assertions that

---

[2] The Complaint purports to be one filed pursuant to 42 U.S.C. §1983, but seeks no monetary damages and does not allege a constitutional violation.

3

exhaustion is not required are erroneous.  The Petition will therefore be dismissed without prejudice by separate Order.


June 24, 2010                                          /s/                         
Date                                      ROGER W. TITUS
                                   UNITED STATES DISTRICT JUDGE